# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JAMES S. POWELL, II, *et al.*,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

      v.

GENERAL MOTORS LLC,

      Defendant.

Case No. 4:25-cv-10479-SDK-KGA

Related Cases:

*Ramirez Hernandez v. Gen. Motors LLC*,
No. 4:25-cv-11797 (E.D. Mich.)

*Wrice-Scott v. Gen. Motors, LLC*,
No. 4:25-cv-11815 (E.D. Mich.)

*Hecht v. Gen. Motors, LLC*,
No. 2:25-cv-11793 (E.D. Mich.)

*Muhammad v. Gen. Motors, LLC*,
4:25-cv-11816 (E.D. Mich.)

*McNamara v. Gen. Motors LLC*,
No. 2:25-cv-11811 (E.D. Mich.)

*Rahaman v. Gen. Motors, LLC*,
No. 4:25-cv-11925 (E.D. Mich.)

*Houchin v. Gen. Motors LLC*,
No. 2:25-cv-11462 (E.D. Mich.)

*Markus v. Gen. Motors LLC*,
No. 4:25-cv-11821 (E.D. Mich.)

*Rittereiser v. Gen. Motors, LLC*,
No. 4:25-cv-11481 (E.D. Mich.)

*Sherman v. General Motors LLC*,
No. 2:25-CV-12032 (E.D. Mich.)

## MAJORITY PLAINTIFFS' MOTION FOR
## APPOINTMENT OF INTERIM CLASS COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Majority Plaintiffs[1] respectfully request entry of an Order appointing the Miller Law Firm, P.C. ("Miller Law"); DiCello Levitt LLP ("DiCello Levitt"); Hagens Berman Sobol Shapiro LLP ("Hagens Berman"); and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") as Interim Class Counsel ("Proposed Interim Class Counsel").[2]

On August 26, 2025, undersigned counsel for the Majority Plaintiffs conferred with counsel for Defendant General Motors LLC ("GM") regarding the relief requested in this Motion, which GM neither supports nor opposes. In support of their Motion, the Majority Plaintiffs submit the following argument and exhibits filed concurrently herewith.

---

[1] The "Majority Plaintiffs" herein means the plaintiffs in the consolidated cases: *Ramirez-Hernandez v. General Motors LLC*, No. 2:25-cv-11797 (filed on Apr. 2, 2025 in N.D. Ga. and subsequently transferred to this court); *McNamara v. General Motors LLC*, No. 2:25-cv-11811 (filed on May 12, 2025 in E.D. Pa. and subsequently transferred to this court); *Houchin v. General Motors LLC*, No. 2:25-cv-11462 (filed before this court on May 16, 2025); *Rittereiser v. General Motors LLC*, No. 4:25-cv-11481 (filed before this court on May 19, 2025 and filed their amended complaint on June 16, 2025); *Markus v. General Motors LLC*, No. 4:25-cv-11821 (filed before this court on June 18, 2025); *Sherman v. General Motors LLC*, No. 2:25-cv-12032 (filed before this court on July 7, 2025).

[2] Proposed Interim Class Counsel may later create a Plaintiffs' Steering Committee and associated subcommittees to assist in the prosecution of the case, with the composition of such committees to be determined based on the needs of the case as the litigation proceeds.

Dated: August 26, 2025

Respectfully submitted,

/s/ *E. Powell Miller*

E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P83705)
**THE MILLER LAW FIRM PC**
950 West University Drive, Suite 300
Rochester, Michigan 48307
Telephone: 248-841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

Adam J. Levitt
John E. Tangren
Daniel R. Ferri
Madeline E. Hills
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com
mhills@dicellolevitt.com

Steve W. Berman
Shelby R. Smith
**HAGENS BERMAN SOBOL
  SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: 206-623-7292
steve@hbsslaw.com
shelbys@hbsslaw.com

David Stellings
Katherine McBride
Miranda Litwak
**LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: 212-335-9500
dstellings@lchb.com
kmcbride@lchb.com
mlitwak@lchb.com

Rachel E. Fitzpatrick
**HAGENS BERMAN SOBOL
  SHAPIRO LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602-840-5900
rachelf@hbsslaw.com

Kevin Budner
**LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: 415-956-1000
kbudner@lchb.com

*Counsel for the Majority Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JAMES S. POWELL, II, *et al*.,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

      v.

GENERAL MOTORS LLC,

      Defendant.

Case No. 4:25-cv-10479-SDK-KGA

Related Cases:

*Ramirez Hernandez v. Gen. Motors LLC*,
No. 4:25-cv-11797 (E.D. Mich.)

*Wrice-Scott v. Gen. Motors, LLC*,
No. 4:25-cv-11815 (E.D. Mich.)

*Hecht v. Gen. Motors, LLC*,
No. 2:25-cv-11793 (E.D. Mich.)

*Muhammad v. Gen. Motors, LLC*,
4:25-cv-11816 (E.D. Mich.)

*McNamara v. Gen. Motors LLC*,
No. 2:25-cv-11811 (E.D. Mich.)

*Rahaman v. Gen. Motors, LLC*,
No. 4:25-cv-11925 (E.D. Mich.)

*Houchin v. Gen. Motors LLC*,
No. 2:25-cv-11462 (E.D. Mich.)

*Markus v. Gen. Motors LLC*,
No. 4:25-cv-11821 (E.D. Mich.)

*Rittereiser v. Gen. Motors, LLC*,
No. 4:25-cv-11481 (E.D. Mich.)

*Sherman v. General Motors LLC*,
No. 2:25-CV-12032 (E.D. Mich.)

## MAJORITY PLAINTIFFS' BRIEF IN SUPPORT OF THEIR
## MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

## **TABLE OF CONTENTS**

I.   INTRODUCTION .........................................................................................1

II.  BACKGROUND ...........................................................................................1

III. LEGAL STANDARD .....................................................................................2

IV. ARGUMENT ................................................................................................4

    A.   Proposed Interim Class Counsel Have Significant Experience in
        Automotive Defect Class Actions and Have Had Previous Success
        Litigating Against GM and Other Major Manufacturers. .........................5

       1.   Miller Law .....................................................................................5

       2.   DiCello Levitt.................................................................................10

       3.   Hagens Berman .............................................................................15

       4.   Lieff Cabraser ...............................................................................20

    B.   Proposed Interim Class Counsel Have the Capacity and Resources to
        Prosecute the Case Efficiently.................................................................24

    C.   Proposed Interim Class Counsel Represent the Majority of Plaintiffs and
        Have Performed Substantial Work.........................................................25

    D.   Proposed Interim Class Counsel Have Demonstrated Their Willingness
        to Work Together to Resolve This Litigation. ........................................29

V.  CONCLUSION............................................................................................31

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Buonasera v. Honest Company, Inc.*,
    318 F.R.D. 17 (S.D.N.Y. 2016)...........................................................................24

*Durso v. Samsung Elecs. Am., Inc.*,
    2013 WL 4084640 (D.N.J. Aug. 7, 2013)........................................................27

*Frisch v. FCA US LLC*,
    No. 2:24-cv-10546 (E.D. Mich. June 5, 2025)..............................................3, 31

*Gamboa v. Ford Motor Co.*,
    381 F. Supp. 3d 853 (E.D. Mich. 2019) .............................................................3

*Good v. Am. Water Works Co.*,
    2014 WL 2481821 (S.D.W. Va. June 3, 2014) ................................................28

*In re Flagstar Dec. 2021 Data Sec. Incident Litig.*,
    2023 WL 3632709 (E.D. Mich. May 24, 2023) ...............................................28

*In re Geisinger Health Data Sec. Incident Litig.*,
    2025 WL 345976 (M.D. Pa. Jan. 30, 2025) ............................................... 24, 26

*In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*,
    No. 18-md-02818 (E.D. Mich. Apr. 11, 2018).....................................................4

*LeBeau v. United States*,
    222 F.R.D. 613 (D.S.D. 2004).............................................................................24

*McKinley v. Doxim, Inc.*,
    No. 24-cv-11550, 2024 WL 4571405 (E.D. Mich. Oct. 24, 2024) .......................3

*Napoleon v. Amazon.com, Inc.*,
    2024 WL 3652873 (W.D. Wash. Aug. 5, 2024) ................................................26

*Tolmasoff v. Gen. Motors, LLC*,
    2016 WL 3548219 (E.D. Mich. June 30, 2016)....................................................3

*Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*,
    337 F.R.D. 405 (S.D. Ohio 2021)............................................................ 4, 27, 31

*Weidman v. Ford Motor Co.*,
    No. 18-cv-12719 (E.D. Mich. Oct. 25, 2018) ......................................................4

*White v. FCA US LLC*,
    No. 4:21-cv-11696 (E.D. Mich. Mar. 17, 2025) ..................................................3

## Other Authorities

Manual for Complex Litigation (Fourth) § 10.224 ....................................................3
Manual for Complex Litigation (Fourth) § 21.11 .....................................................2
Manual for Complex Litigation (Fourth) § 22.62 .....................................................2

## Rules

Fed. R. Civ. P. 23 ..................................................................................................25
Fed. R. Civ. P. 23(g)(1)(A) ......................................................................................3
Fed. R. Civ. P. 23(g)(1)(A)(ii) .................................................................................5
Fed. R. Civ. P. 23(g)(1)(A)(iii) ................................................................................5
Fed. R. Civ. P. 23(g)(1)(B) ......................................................................................3
Fed. R. Civ. P. 23(g)(2) ........................................................................................1, 3
Fed.  R. Civ. P. 23(g)(3) ..........................................................................................2

## <u>INDEX OF MOST CONTROLLING AUTHORITIES</u>

Fed. R. Civ. P. 23(g)

*In re Flagstar Dec. 2021 Data Sec. Incident Litig.*,
      2023 WL 3632709 (E.D. Mich. May 24, 2023)

*Gamboa v. Ford Motor Co.*,
      381 F. Supp. 3d 853 (E.D. Mich. 2019)

*Tolmasoff v. Gen. Motors, LLC*,
      2016 WL 3548219 (E.D. Mich. June 30, 2016)

## ISSUE PRESENTED

**Issue**: Should the Court grant this motion to appoint Proposed Interim Class Counsel who: (1) have unmatched experience in automotive defect class actions and, specifically, in engine and oil-consumption-related class action cases against General Motors; (2) have the resources to thoroughly investigate and vigorously litigate this complex, nationwide case with dozens of claims; (3) represent the majority of plaintiffs in the consolidated cases; and (4) have demonstrated the ability to work cooperatively in the best interests of the putative class?

**Answer:** Yes.

# I.  **INTRODUCTION**

Proposed Interim Class Counsel's collective experience and past success in automotive defect class action litigation cannot be matched. The same is true of their attorney, staff, and expert resources.

The proposed leadership team—Miller Law, DiCello Levitt, Hagens Berman, and Lieff Cabraser—offers a balanced structure of nationally recognized counsel with unparalleled experience successfully and efficiently litigating complex and technical cases, like this one, that involve hundreds of thousands of affected vehicles. As they have in many prior cases, the firms will work efficiently and cooperatively to achieve the best possible result for the proposed class. For these reasons, Proposed Interim Class Counsel are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

# II.  **BACKGROUND**

Plaintiffs allege that GM manufactured and sold hundreds of thousands of Class Vehicles with defective 6.2 Liter V8 EcoTec3 L87 engines that are prone to catastrophic engine failure.[3] GM's purported remedy for this admitted defect— using thicker motor oil that is both more expensive and makes the vehicles less fuel

---

[3] Based on the information currently available, the "Class Vehicles" include the following GM vehicles: MY 2021–2024 Cadillac Escalades and Escalade ESVs; Chevrolet Tahoes and Suburbans; and GMC Sierra 1500s, Yukons, and Yukon XLs; and MY 2019–2024 Chevrolet Silverado 1500s and GMC Sierra 1500s.

efficient than the original, standard motor oil—imposes material additional costs on Class Vehicle owners and lessees.

Twelve proposed class actions were filed against GM about this same engine defect, all of which were filed in or transferred to this Court. Proposed Interim Class Counsel represent approximately 75% (50 out of 68) of the named plaintiffs with claims consolidated before this Court and collectively filed six of the twelve consolidated cases. *See* fn. 1, *supra*.

### III. <u>LEGAL STANDARD</u>

In complex class actions such as this, "[e]arly organization of the counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case-management task." Manual for Complex Litigation (Fourth) § 22.62. Federal Rule of Civil Procedure 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." This designation "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11.

In deciding to appoint interim class counsel, the Court must consider: (1) the work counsel has already performed to identify or investigate the claims; (2) counsel's experience in handling class actions, other complex litigation, and

similar claims; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).[4] The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Such considerations include whether proposed interim class counsel have worked cooperatively with opposing counsel and the court, and whether counsel commands the respect of colleagues. *See* Manual § 10.224.

"If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Courts often appoint interim class counsel comprised of multiple firms given the skills and resources needed for a particular case. *See, e.g.*, *Frisch v. FCA US LLC*, No. 2:24-cv-10546, Dkt. 45 (E.D. Mich. June 5, 2025) (appointing interim leadership structure of four co-lead firms—including Miller Law and Lieff Cabraser—over defendant's objection); *White v. FCA US LLC*, No. 4:21-cv-11696, Dkt. 73 (E.D. Mich. Mar. 17, 2025) (appointing four firms as co-lead class counsel, including DiCello Levitt and Miller Law); *McKinley v. Doxim, Inc.*, No. 24-cv-11550, 2024 WL 4571405, at *2 (E.D. Mich. Oct. 24, 2024) (appointing four firms

---

[4] The considerations established in Rule 23(g)(1), which govern the post-certification appointment of class counsel, apply equally to the decision on whom to designate as interim class counsel. *See Tolmasoff v. Gen. Motors, LLC*, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016); *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019).

as interim co-lead counsel, including Miller Law); *Weidman v. Ford Motor Co.*, No. 18-cv-12719, Dkt. 24 (E.D. Mich. Oct. 25, 2018) (same, including DiCello Levitt, Lieff Cabraser, and Miller Law); *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 18-md-02818, Dkt. 13 (E.D. Mich. Apr. 11, 2018) (appointing four interim co-lead counsel firms, including Lieff Cabraser and Miller Law).[5]

This case, with hundreds of thousands of vehicles at issue, will undoubtedly require significant resources and experience to litigate effectively.

## IV. ARGUMENT

Proposed Interim Class Counsel's extensive automotive defect class action litigation experience—which includes obtaining a recent class-wide jury verdict against GM and collectively securing hundreds of millions of dollars in class-wide recoveries against some of the largest and most well-resourced automakers—makes them the team that is best-positioned to represent the interests of the proposed classes here. As counsel for nearly three-quarters of the named plaintiffs in the consolidated litigations, Proposed Interim Class Counsel have performed

---

[5] *See also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, Dkt. 249 (S.D.N.Y. Aug. 15, 2014) (appointing three co-lead counsel firms—including Hagens Berman and Lieff Cabraser—as well as a plaintiffs' steering committee); *In re Toyota Motor Corp. Unintended Accel. Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 8:10ML02151, Dkt. 169 (C.D. Cal. May 14, 2010) (five court-appointed co-lead counsel, including Hagens Berman and Lieff Cabraser); *Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) (appointing four law firms as interim co-lead counsel).

significant investigation into the engine defect and the potential claims and damages. They have the requisite resources and history of cooperation to ensure that this case moves efficiently towards a just outcome for all plaintiffs and other proposed class members.

## A.   Proposed Interim Class Counsel Have Significant Experience in Automotive Defect Class Actions and Have Had Previous Success Litigating Against GM and Other Major Manufacturers.

Miller Law, DiCello Levitt, Hagens Berman, and Lieff Cabraser, collectively, have unequaled experience prosecuting automotive and other product defect class actions and complex litigations, and they have repeatedly proven their deep knowledge of consumer protection and other applicable law. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii).

The leadership team not only meets but exceeds the Rule 23(g) factors. Its members bring outstanding reputation and experience both at the national and local level, which will benefit the proposed classes and this Court's effective oversight of this consolidated litigation. The Majority Plaintiffs briefly discuss each firm below.

### 1.   Miller Law

Miller Law has extensive experience litigating complex class actions throughout the United States and, particularly, in the Eastern District of Michigan, where it has litigated more than 600 class and commercial cases. *See* Ex. 1, Miller Law Resume. Miller Law has established a national reputation and is

ranked Tier 1 in Detroit for Commercial Litigation by U.S. News, Best Lawyers. Miller Law has continuously prosecuted class/mass actions since 1994, recovering more than $10 billion dollars for victims of fraud and abuse, and is proud of obtaining a rare achievement in class action practice: three separate cases of 100% net cash recovery for class members, plus attorneys' fees, paid by the defendants. *See* Exhibit 1, Miller Law Firm Resume. Miller Law Founder and CEO E. Powell Miller and Executive Partner Dennis A. Lienhardt will be overseeing this case on behalf of Miller Law.

In 2024, all 18 Miller Law partners were named Top Lawyers by DBusiness and 22 Miller Law attorneys were named Super Lawyers or Rising Stars by *Super Lawyers* magazine. E. Powell Miller was named as a Top 10 attorney, and four other Miller Law partners were named Top 100 attorneys in Michigan. In fact, *Super Lawyers Magazine* recognized Mr. Miller as Michigan's number one ranked attorney in 2020, as well as one of Michigan's Top 10 lawyers every year from 2009 to 2022.

Miller Law has served as lead or co-lead counsel in numerous complex national class actions or has had a substantial role in the prosecution of those cases. Two examples include the *In re Chevrolet Bolt EV Battery Litig.*, No. 2:20-cv-13256 litigation pending against General Motors and multiple supplier defendants before Judge Berg in which Miller Law serves as Interim Co-Lead Counsel. Miller

Law, along with co-counsel, were recently able to obtain preliminary approval of a $150 million non-reversionary cash settlement for plaintiffs and class members, the largest all-cash settlement for an automotive defect case in this District. Additionally, Miller Law served alongside Hagens Berman as Co-Lead Counsel in *Chapman v. General Motors*, No. 2:19-cv-12333, a case which recently settled for $50 million after Judge Berg certified seven state classes.

A sample of other noteworthy cases include having served as:

- Co-Lead Counsel in *In re AIG 2008 Securities Litig.*, No. 1:08-cv-04772 (S.D.N.Y.), which was successfully settled in 2015 for $970.5 million, the highest securities settlement in the United States in 2015;

- Co-Lead Class Counsel and Lead Trial Counsel in *City of Farmington v. Wells Fargo Bank*, No. 0:10-cv-04372 (D. Minn.), which was resolved on the weekend before trial for $62.5 million;

- Special Trial Counsel in the antitrust class action, *Cason-Merendo. v. VHS of Michigan, Inc.*, No. 2:06-cv-15601 (E.D. Mich.) (Rosen, J.) (final judgment entered on Jan. 27, 2016), which resulted in a $42 million recovery after the in limine arguments;

- Lead Counsel in the first successful national dietary supplement class action, *Gasperoni v. Metabolife Int'l, Inc.*, No. 2:00-cv-71255 (E.D. Mich.) (Cohn, J.) (final judgment entered on March 15, 2001);

- Co-Lead Counsel in *In re: Refrigerant Compressors Antitrust Litigation*, No. 2:09-md-2042 (MDL) (E.D. Mich.) (Cox, J.), with a successful $30 million settlement;

- A member of the Plaintiffs' Steering Committee and the first in the country to initiate *In re EpiPen* (Epinephrine Injection, USP) *Marketing, Sales Prac. and Antitrust Litig.*, No. 2:17-md-02785 (D. Kan.) (Oct. 17, 2017), which recovered more than $600 million;

- Interim Liaison Counsel to the end-payor plaintiffs, who have recovered more than $1 billion in settlements to date in the *In re: Auto. Parts Antitrust Litig.*, No. 2:12-md-2311 (MDL) (E.D. Mich.) (Battani, J.; Cox, J.; and Behm, J.);

- Co-Lead Counsel in *Wood v. FCA US LLC*, No. 5:20-cv-11054 (E.D. Mich.) (Levy, J.) (judgment entered on December 1, 2022), which reached a settlement valued at more than $108 million prior to motion practice;

- Associate Counsel in *N.Y. Teachers Ret. Sys. v. Gen. Motors Co.*, No. 4:14-cv-11191 (E.D. Mich.) (Parker, J.) (judgment entered on May 19, 2016), which settled for $300 million;

- Co-Lead Counsel in *Persad v. Ford Motor Co.*, No. 2:17-cv-12599 (E.D. Mich.) (Berg, J.) (judgment entered on December 30, 2021), which settled for more than $42 million in benefits; and

- Co-Lead Counsel in *Schreiber v. Mayo Found. for Med. Educ. & Rsch.*, No. 2:22-cv-188 (W.D. Mich.) (Jarbou, J.) (judgement entered on May 29, 2024), which settled for $52.5 million.

- Co-Lead Counsel in *Reynolds v. FCA US LLC*, No. 2:19-cv-11745 (E.D. Mich.) (Goldsmith, J.) (judgment entered on June 29, 2023), which settled for more than $30 million in class benefits.

Miller Law, and Mr. Miller specifically, currently serve as appointed class counsel in many other cases that are currently pending, including MDL cases centralized in this District and multi-state automotive defect class actions.[6]

---

[6] Interim Co-Lead Counsel in *In re: Gen. Motors Corp. Air Conditioning Mktg. and Sales Practices Litig.*, No. 2:18-md-02818 (MDL) (E.D. Mich.) (Leitman, J.); Interim Co-Lead Counsel in *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, No. 2:22-cv-03040 (MDL) (E.D. Mich.) (Lawson, J.); Interim Co-Lead Counsel in *In re Ford Super Duty Roof Crush Litig.*, No. 4:22-cv-12079 (McMillion, J.); Interim Co-Lead Counsel in *Fox v. County of Saginaw*, No. 1:19-cv-11887 (E.D.

In a recent order appointing Mr. Miller as lead counsel, Judge White ruled:

[Powell] Miller's reputation in this district is first-rate. As one judge recently stated: "[E]verything Mr. Miller said, I have basically firsthand experience. The guy's in this court all the time. I have appointed him lead counsel in [multidistrict litigation]. My colleagues appoint him lead counsel all the time. He's one of the absolute leading lights of the Michigan bar. He treats everybody great. His work is first class."

*In re A-Line Staffing Sols. Data Sec. Incident Litig.*, 2024 WL 4925275, at *2 (E.D. Mich. Nov. 21, 2024) (White, J.) (citing Tr., *Drugich v. McLaren Health Care Corp.*, No. 2:23-cv-12520 (E.D. Mich. Feb. 27, 2024) (Leitman, J.)).

Other courts agree. Judge Ludington appointed Mr. Miller in a data breach class action and held, "given his familiarity with Michigan practice and his extensive experience litigating class actions in this District[,]" finding that "[h]e has invested significant time in the case, has extensive class-action experience, knows the applicable law, and is resourced to represent the class." *Pratt v. KSE Sportsman Media, Inc.*, 2023 WL 5500832, at *5 (E.D. Mich. Aug. 25, 2023).

Mr. Miller also has extensive trial experience, including a 15-0-1 record in cases tried to a bench or jury verdict. Mr. Miller has previously served as Co-Chair of the ABA Sub-Committee for Multi-District Class Action Litigation, Co-

---

Mich.) (Ludington, J.); Interim PSC Member in *Speerly v. Gen. Motors, LLC*, No. 2:19-cv-11044 (Lawson, J.); Interim Co-Lead Counsel in *Drugich v. McLaren Health Care Corp.*, No. 2:23-cv-12520 PageID.226 (E.D. Mich.) (Leitman, J.); Interim Co-Lead Counsel in *In re Doxim, Inc. Data Security Incident Litig.*, No. 2:24-cv-11550 PageID.169 (E.D. Mich.) (Berg, J.).

President of the Detroit Chapter of the Federal Bar Association Antitrust and Securities Committees, and on the Executive Committee for the Wayne State University Law School Board of Visitors. Mr. Miller and Mr. Lienhardt also recently served as Adjunct Professors for the inaugural Class Actions and Multidistrict Litigations course at Wayne State University Law School. One of Mr. Miller's proudest accomplishments is receiving the Cook-Friedman Civility Award from the Federal Bar Association.

### 2.    DiCello Levitt

DiCello Levitt is a best-in-class, national complex issues and trial firm—and the only leadership applicant in this litigation that has successfully tried an engine defect class action case to verdict against General Motors. The firm—with 95 lawyers and eight offices across the United States and foreign affiliates in Europe and South America—is exceptionally qualified to lead this litigation. DiCello Levitt's accomplishments in the product liability and consumer protection arena led to the *National Law Journal* naming DiCello Levitt the 2023 Plaintiff's Law Firm of the Year. DiCello Levitt's lawyers are frequently named lead or co-lead counsel in large, consequential, nationwide litigations, and have also repeatedly triumphed at the appellate level. DiCello Levitt has been recognized by leading industry rankings organizations for its class action success, including *Benchmark Litigation*, *Chambers USA*, and *The Legal 500.*

10

The attorneys overseeing this case for DiCello Levitt will be Adam Levitt, John Tangren, and Daniel Ferri; all of whom have significant, highly relevant, experience in automotive defect litigation. Most notably, and as discussed above, Messrs. Levitt, Tangren, and Ferri won a class-wide jury trial against GM in 2022 in a case arising from an oil consumption defect in GM trucks and SUVs with 5.3L engines. *Siqueiros v. Gen. Motors LLC*, No. 16-cv-07244 (N.D. Cal.). Following a jury verdict that awarded full damages, the case recently settled for a $150 million common fund. In a related litigation in Oklahoma, *Hampton v. Gen. Motors LLC*, No. 21-cv-250 (E.D. Okla.), Messrs. Levitt, Tangren, and Ferri achieved a $25 million common fund settlement on behalf of Oklahoma class members.

The *Siqueiros* and *Hampton* litigations are relevant in three respects. First, the *Siqueiros* litigation shows DiCello Levitt's ability and willingness to successfully take an automotive defect case through trial. Second, the *Siqueiros* and *Hampton* cases arose from issues with loss of lubrication in GM engines, an issue that is also raised in the majority of the class action complaints that have been filed in connection with this litigation,[7] and thus demonstrate DiCello Levitt's expertise with the technology at issue. And, finally, GM's lead counsel in the *Siqueiros* and *Hampton* litigations, April Ross of Crowell & Moring, is also GM's lead counsel in

---

[7] *See McNamara*, Compl. ¶¶ 11–18; *Houchin* Compl. ¶¶ 100–115; *Rittereiser* Compl. ¶¶ 192–95; *Wrice-Scott* Compl. ¶¶ 10–18; *Markus* Compl. ¶¶ 21–22, 42–49, 73–74; *Rahaman* Compl. ¶ 16; *John* Compl. ¶ 36; *Sherman* Compl. ¶¶ 42–43.

the instant cases; and Messrs. Levitt, Tangren, and Ferri have developed a productive working relationship with Ms. Ross to productively advance hard-fought litigation efficiently and without devoting significant judicial resources to issues unrelated to the merits or class certification.

Aside from the *Siqueiros* and *Hampton* cases, Messrs. Levitt, Tangren, and Ferri have achieved significant success in many other automotive defect class actions, including:

- *In re Honda Idle Stop Litig.*, No. 22-cv-04252 (C.D. Cal.). Messrs. Levitt, Tangren, and Ferri represent consumers in litigation against Honda arising from a defect in vehicles' idle stop systems. After achieving class certification and defeating Honda's motion for summary judgment, plaintiffs reached a nationwide class settlement, pending final approval, that provides substantial injunctive and monetary relief, valued in excess of $250 million.

- *In re Navistar MaxxForce Engines Mktg., Sales Practices and Prods. Liab. Litig.*, No. 14-cv-10318 (N.D. Ill.). Messrs. Levitt and Tangren served as Co-Lead Counsel in the high-profile class action litigation against Navistar. The firm helped a class of truck purchasers and lessees reach a $135 million settlement to resolve multidistrict litigation in Illinois federal court, alleging that Navistar knowingly sold defective diesel engines.

- *In re Volkswagen "Clean Diesel" Mktg., Sales Practices and Prods. Liab. Litig.*, No. 15-MD-2672-CRB (JSC) (N.D. Cal.). In the nationwide multidistrict litigation stemming from Volkswagen's emissions scandal, Mr. Levitt served as a court-appointed member of the Plaintiffs' Steering Committee, a leadership group characterized by the San Francisco newspaper The Recorder as a "class action dream team." Mr. Levitt helped to secure over $14.7 billion in total settlements that benefitted car buyers across the United States.

- *New Mexico ex rel. Balderas v. Volkswagen Group of Am., Inc.*, No. D-101-CV-2016-00131 (Santa Fe Cty.). Representing the New Mexico Office of the Attorney General, Messrs. Levitt and Ferri helped New Mexico obtain a settlement arising from Volkswagen's deceptive practices that far exceeded the amounts, per-vehicle, obtained by any other state.

- *New Mexico ex rel. Balderas v. Takata Corp.*, No. D-101-CV-2017-00176 (Santa Fe Cnty.). Again representing the New Mexico Office of the Attorney General, this time in litigation against Honda and other automobile manufacturers who sold vehicles with dangerous Takata airbag inflators in the state, Messrs. Levitt and Ferri helped New Mexico obtain settlements of millions of dollars, including one settlement that was 600% higher, on a per-vehicle basis, than a multistate Attorney General group was able to obtain.

- *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (S.D.N.Y.). In one of the highest-profile automotive defect cases in class action history, DiCello Levitt helped to achieve a $121.1 million settlement for the ignition switch defect affecting nearly ten million vehicles that was tied to more than 100 deaths and countless other injuries. Adam Levitt served on the Plaintiffs' Executive Committee, and John Tangren represented one of the five settlement subclasses as Settlement Allocation Counsel.

- *In re MyFord Touch Consumer Litig.*, No.13-cv-03072-EMC (N.D. Cal.). As Co-Lead Counsel, DiCello Levitt (Messrs. Levitt and Tangren) obtained class certification and a $17 million settlement for seven classes of owners and lessees of Ford vehicles equipped with defective MyFord Touch infotainment systems.

- *Simerlein v. Toyota Motor Corp.*, No. 3:17-CV-01091-VAB (D. Conn.). DiCello Levitt (Messrs. Levitt, Tangren, and Ferri) served as Co-Lead Counsel in achieving a $40 million nationwide settlement for owners and lessees of Toyota Sienna minivans with malfunctioning power sliding doors. DiCello Levitt worked with Toyota to create a program to provide needed service and reimburse out-of-pocket repairs for the power sliding doors.

13

- *In re Porsche Cars N. Am. Inc. Plastic Coolant Tubes Prods. Liab. Litig.*, No. 2:11-md-02233 (S.D. Ohio). Messrs. Levitt and Tangren obtained a $45 million settlement on behalf of a nationwide class of owners and lessees of Porsche Cayenne SUVs with defective plastic coolant tubes that provided reimbursement for repairs and replacements.

DiCello Levitt also serves or has served as co-lead counsel in numerous complex national class actions, outside of the automotive defect context. By way of example, in *In re Equifax Inc. Customer Data Sec. Breach Litig.*, MDL No. 2800 (N.D. Ga.), DiCello Levitt served as class counsel for the plaintiffs in the litigation arising from Equifax's massive 2017 data breach, successfully negotiating $1.5 billion in relief for millions of class members, while coordinating with state attorneys general. In *In re Genetically Modified Rice Litig.*, MDL No. 1811 (E.D. Mo.), Adam Levitt achieved aggregate settlements exceeding $1.1 billion for all U.S. long-grain rice farmers as Co-Lead Counsel in the biotechnology multidistrict litigation against Bayer Crop Science for its contamination of the U.S. rice supply with unapproved, genetically modified rice seed traits. And in *In re Consumer Vehicle Driving Data Tracking Litigation*, MDL No. 3115 (N.D. Ga.). DiCello Levitt serves as co-lead counsel in multidistrict litigation against GM for unlawfully collecting and selling its drivers' data to advance its own commercial interests. DiCello Levitt's firm resume is attached hereto as Exhibit 2.

Finally, as exemplified by the jury verdict it obtained in the *Siqueiros* case, referenced above, DiCello Levitt is a trial firm. The firm's Trial Center applies a

science-driven approach to uncover jury decision-making processes and to craft optimal trial storytelling and messaging. Working in connection with the Trial Center, Messrs. Levitt, Tangren, and Ferri are currently scheduled for another automotive defect trial in *MacDougall v. American Honda Motor Co.*, No. 8:17-cv-01079 (C.D. Cal.).

### 3.     Hagens Berman

Steve Berman and Hagens Berman's stock-in-trade is complex class actions and MDLs on behalf of plaintiffs throughout the country. Hagens Berman was named to Law360's Automotive Practice Group of the Year for 2017 and one of National Law Journal's 2016 Elite Trial Lawyers for its work in automotive class actions. As a result of leading *In re: Toyota Motor Corp. Unintended Acceleration Litig.*, No. 8:10-ml-02151 (C.D. Cal.) (appointed co-lead counsel with Lieff Cabraser);  *In re: General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (S.D.N.Y.) (appointed co-lead counsel with Lieff Cabraser); *In re: MyFord Touch Consumer Litig.*, No. 13-cv-03072 (N.D. Cal.) (appointed co-lead counsel with DiCello Levitt); and *Chapman v. General Motors*, No. 2:19-cv-12333 (appointed co-lead counsel with Miller Law), and its role on the settlement committee in *In re: Volkswagen "Clean Diesel" Litig.*, No. 3:15-md-02672 (N.D. Cal.), Hagens Berman has lived and breathed automotive economic loss cases daily for the last fifteen years. Hagens Berman is unquestionably focused on the myriad legal and

factual issues involved in an economic loss auto-defect case. This expertise is how it was able to file the first EcoDiesel emissions case which was widely duplicated in many of the lawsuits that followed, as well as diesel cheating cases against major manufacturers such as Mercedes, GM, and Ford. Ex. 3, Hagens Berman Resume.

The firm's success is due to its focus on providing real recoveries for class members. Recently, in the first-of-its-kind case *In Re: Kia Hyundai Vehicle Theft Litig.*, No. 8:22-ml-03052 (C.D. Cal), Hagens Berman was appointed co-lead counsel and negotiated a settlement valued at $200 million for the consumer class whose vehicles were vulnerable to theft for lack of an immobilizer. In 2017, Hagens Berman negotiated a $1.2 billion settlement on behalf of Volkswagen franchise dealers for fraud related to Volkswagen's diesel emissions. *In re: Volkswagen "Clean Diesel" Litig.*, No. 3:15-md-02672 (N.D. Cal.). The firm successfully seeks to obtain high recoveries to the greatest number of class members. In *In re Charles Schwab Corp. Securities Litig.*, No. 08-cv-01510 (N.D. Cal.), for example, the firm recovered $235 million in damages (recovering between 42% and 82% of class members' damages). And Hagens Berman was the first firm in the country to mail checks directly to class members in a securities case without requiring a claim form. Similarly, in *In re: Toyota Motor Corp. Unintended Acceleration Litig.*, No. 8:10-ml-02151 (C.D. Cal.), the firm obtained injunctive relief in the form of extended warranties and the installation of a safety-enhancing brake override in 1.6 million

vehicles in addition to $500 million in cash payments mailed directly to class members. At the time, this was the largest automotive settlement in history.

Steve Berman has been appointed lead or co-lead counsel in many of the largest and most impactful consumer fraud, product liability, securities, and antitrust cases in history. Mr. Berman served as court-appointed co-lead counsel in *In re: College Athlete NIL Litig.*, No. 4:20-cv-03919 (N.D. Cal.), representing a class of nearly 400,000 college athletes fighting for compensation for the use of their name, image and likeness. In June 2025, Hagens Berman obtained final approval of a historic settlement with the NCAA providing $2.78 billion in past damages as well as payments and benefits to college athletes under a new revenue-sharing model valued at more than $20 billion over the next 10 years, making it the largest antitrust class-action settlement in history. Hagens Berman also served as co-lead counsel in *Burnett v. National Association of Realtors*, No. 19-CV-00332 (W.D. Mo.) and *Gibson v. National Association of Realtors*, No. 4:23-cv-00788 (W.D. Mo.), representing a class of home sellers against NAR alleging that it conspired with the Big Four real estate broker franchises to artificially inflate commissions associated with home sales. There, Hagens Berman has so far achieved final approval of settlements valued at $626 million, as well as comprehensive injunctive relief addressing the central anticompetitive conduct challenged by these lawsuits–buyer brokers steering their clients based on the offer

17

of buyer broker compensation made by sellers.

A selection of Mr. Berman and Hagens Berman's experience includes:

- *Chapman v. General Motors*, No. 2:19-cv-12333 (E.D. Mich.). As appointed co-lead counsel for vehicle purchasers, Mr. Berman negotiated and received final approval of a $50 million settlement fund, with $30 million specifically allocated to compensating class members who paid out of pocket to repair their high-pressure fuel pump (the CP4 pump) and $5 million for all other truck owners to compensate them for overpayment for a truck with a defective CP4 pump. At final approval, Judge Terrence G. Berg praised the firm's work, saying "I think you have conducted yourselves with great professionalism in this case that has been very difficult, very challenging, and I'm grateful for your professionalism and your advocacy."

- *In Re: Kia Hyundai Vehicle Theft Litig.*, No. 8:22-ml-03052 (C.D. Cal). As co-lead counsel for the consumer class, Mr. Berman negotiated a $200-million settlement at the pleading stage on behalf of more than ten million vehicle owners and lessees whose vehicles were not equipped with immobilizers. The security flaw permitted thieves to steal vehicles by simply opening the steering column and using a common USB charging cord or similar metal object to start the engine. This technique soon went viral online and was dubbed "Kia Challenge," subjected millions of consumers across the country to vehicle theft and damage.

- *In re: Chrysler-Dodge-Jeep EcoDiesel "Clean Diesel" Litig.*, No. 3:16-cv-06909 (N.D. Cal.). Mr. Berman served on the Plaintiffs' Steering Committee and played a key role in briefing and settlement negotiations on behalf of vehicle owners and lessees.

- *In re: Volkswagen "Clean Diesel" Litig.*, No. 3:15-md-02672 (N.D. Cal.). As lead counsel for the Volkswagen Franchise Dealers, Hagens Berman received final approval of a settlement of $1.2 billion, representing a result of nearly full damages for the class. Mr. Berman also served on the Plaintiffs' Steering Committee and played a role in obtaining a settlement of $14.7 billion on behalf of consumers that included injunctive relief in the form of an optional buyback of the affected vehicles.

18

- *In re: Toyota Motor Corp. Unintended Acceleration Litig.*, No. 8:10-ml-02151 (C.D. Cal.). As co-lead counsel for the economic loss classes, Hagens Berman challenged a defect causing dozens of models spanning an 8-year period to undergo sudden, unintended acceleration. The resulting $1.6 billion settlement included $500 million in cash payments to class members, many of whom received checks for thousands of dollars; a program that substantially extended warranties for millions of consumers; and, most importantly, installation of a safety-enhancing brake override system on millions of vehicles (a fix that Mr. Berman proposed and that, since implementation, has dropped reports of sudden unintended acceleration to near-zero).

- *In re: College Athlete NIL Litig.*, No. 4:20-cv-03919 (N.D. Cal.). Antitrust lawsuit in which Mr. Berman, as co-lead counsel on behalf of student athletes, negotiated and received final approval of a historic settlement with the NCAA. As part of the settlement, the NCAA and its conferences will pay more than $2.78 billion in damages to college athletes over a 10-year period, eliminate rules prohibiting schools from making direct payments to athletes, and dramatically expand the availability of compensation and benefits available to athletes. This includes eliminating restrictions on the number of available athletic scholarships across all Division I sports.

- *In Re: Elec. Books Antitrust Litig.*, No. 11-MD-02293 (S.D.N.Y.). Hagens Berman pioneered this litigation as lead counsel against Apple and the nation's largest brick-and-mortar publishers for antitrust violations. The firm represented purchasers of e-books in 19 states and 4 U.S. territories and worked in novel partnership with the DOJ and 33 state Attorneys General. As a result of the settlement, the class may receive up to $560 million to resolve price-fixing allegations and single damages of $270 million.

- *New England Carpenters Health Benefits Fund et al. v. First Databank and McKesson Corp.*, No. 08-cv-10943 (D. Mass.). As co-lead counsel, Mr. Berman pioneered these racketeering cases alleging a conspiracy to increase by 4% the list price on most brand-name drugs. After certification of a nationwide class, the case settled for $350 million and injunctive relief that included a roll back of drug prices on all brand-name drugs. This outcome continues to save consumers billions of dollars to this day.

19

- *In re Pharmaceutical Industry Average Wholesale Price Litig.*, No. 01-12257 (D. Mass.). As a co-lead and as lead trial counsel, Mr. Berman and the firm proved that the nation's major drug companies fraudulently inflated their prices by billions of dollars. A bellwether trial resulted in a plaintiffs' verdict against three defendants, and the cases concluded with $338 million in settlements, with consumers receiving three times actual damages.

- *Attorneys General Tobacco Litigation*. In the historic litigation against the tobacco industry, Mr. Berman represented 13 states and advanced groundbreaking legal claims to secure a global settlement worth $260 billion, still the largest recovery in history. Only two law firms, including Hagens Berman, went to trial in these actions, and Mr. Berman served as co-lead trial counsel.

In *Brecher v. Republic of Argentina*, No. 1:06-cv-15297, ECF No. 148 (S.D.N.Y. Apr. 27, 2017), Judge Griesa lauded Hagens Berman's commitment through ten years of litigation where the risk of non-recovery was "extremely high." Judge Griesa explained: "[e]ven when recovery seemed unlikely…, Hagens Berman steadfastly continued to represent the class…. Hagens Berman's willingness to take this case on a contingency basis in spite of the risks involved, and to continue to represent the class even when success appeared unlikely, is a testament to its commitment." *Id.*

### 4.   Lieff Cabraser

Lieff Cabraser is a national law firm with offices in New York, San Francisco, Nashville and internationally in Munich, Germany. With more than 135 attorneys, Lieff Cabraser is one of the oldest and largest law firms in the country dedicated solely to representing plaintiffs. The firm has extensive experience in the

litigation, trial, and settlement of class actions in complex product defect, economic injury, and consumer fraud cases. *See* Ex. 4, LCHB Firm Resume.

The attorneys overseeing this case for Lieff Cabraser will be David Stellings, a member of the firm's Executive Committee, and partners Kevin Budner and Katherine McBride, all of whom have significant experience specific to complex automotive defect cases. Lieff Cabraser (and Mr. Stellings in particular) is among the most experienced lawyers in the country in leading automobile defect class actions and multidistrict litigations.

Over the last decade, Lieff Cabraser has led or co-led many of the most significant automobile-related class actions in the United States, including the following examples:

- *Express Freight International et. al., v. Hino Motors, LTD., et al*, Case No. 1:22-cv-22483 (S.D. Fla.) (Lieff Cabraser served as co-lead counsel in nationwide class action alleging emission cheating in over 100,000 medium and heavy duty trucks, resulting in a non-reversionary $237.5 million settlement plus valuable extended and additional warranties that achieved tremendous support from class members and an extraordinary 90% claims rate);

- *In re: ARC Airbags Inflators Prods. Liab. Litig.*, MDL No. 3051 (N.D. Ga.) (Lieff Cabraser is Court-appointed co-lead counsel in a defective-airbag-related MDL covering more than 50 million vehicles, including several GM models);

- *In re ZF-TRW*, MDL No. 2905 (C.D. Cal.) (Lieff Cabraser is co-lead counsel in case concerning safety defect in airbag control units affecting over 15 million vehicles, leading thus far to settlements with three of five vehicle manufacturers totaling $149 million in non-

reversionary settlement funds plus valuable non-monetary relief. Litigation continues as to the remaining defendants);

- *In re Volkswagen "Clean Diesel"*, MDL No. 2672 (N.D. Cal.) (Lieff Cabraser was sole lead counsel for auto defect case affecting 600,000 diesel vehicles that resulted in a $14 billion class settlement recouping 100% of single damages. Judge Edward Chen, who oversaw the later *FCA EcoDiesel* litigation, observed the broad "consensus" that the same Lieff Cabraser team had previously "been extremely effective in leading the VW team." Dkt 173 at 2);

- *In re Audi CO2 Cases*, MDL No. 2672 (N.D. Cal.) (Lieff Cabraser was sole lead counsel in case against various automakers regarding alleged cheating in fuel economy tests for gasoline-powered vehicles, resulting in a non-reversionary $96.5 million settlement that provided class members with 100% compensation for their alleged losses);

- *In re Porsche Gasoline Litigation*, MDL No. 2672 (N.D. Cal.) (Lieff Cabraser led a class action against Porsche for cheating on fuel economy across fifteen model years of vehicles, reaching a settlement for at least $80 million in non-reversionary cash payments);

- *In re FCA EcoDiesel*, MDL No. 2777 (Lieff Cabraser was sole lead counsel for auto defect case affecting 100,000 trucks and SUVs that resulted in a $307.5 million class settlement. Special master Kenneth Feinberg noted that Mr. Stellings "deserves a tremendous amount of credit" for his leadership role in the complex settlement negotiations in FCA, among other things);

- *In re Takata*, MDL No. 2599 (S.D. Fla.) (Lieff Cabraser is on the PSC in case concerning dangerous airbag defect affecting 42 million vehicles. Certain automaker defendants in the case have settled for a total of more than $1.5 billion, and the litigation continues against the remaining defendants); and

- *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (S.D.N.Y.) ( Lieff Cabraser served as Co-Lead Counsel in multidistrict litigation involving economic loss and personal injury/wrongful death cases arising out of GM's manufacture and sale of vehicles with

defective ignition switches, overseeing consumer claims for five nationwide classes and a resolution of $121 million, exclusive of fees);

- *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products*, MDL No. 3014 (W.D. Pa.) (Lieff Cabraser served on the PSC and Co-Chaired Discovery Committee in an expansive MDL addressing serious defects and health risks in 11 million CPAP breathing devices, which concluded with a $479 million+ non-reversionary settlement fund in the class action litigation track and a $1 billion+ settlement for personal injury claims).

The above are only a few examples of Lieff Cabraser's deep experience leading the largest, most complex automotive and product defect cases. A more comprehensive overview of Lieff Cabraser's achievements in complex class action cases is contained in the firm's resume. *See* Exhibit 4.

The firm's exceptional achievements in class action practice have been widely recognized. As recent examples, the National Law Journal awarded the firm the "Elite Trial Lawyers" award for Consumer Protection in 2025, and named the firm to the Plaintiffs' Hot List Hall of Fame, "representing the best qualities of the plaintiffs' bar and demonstrating unusual dedication and creativity." In 2024, Law360 honored Lieff Cabraser as a Class Action Law and Product Liability Law Practice Group of the Year. The California Daily Journal recognized Lieff Cabraser among its 2023 "Leading Commercial Litigators," and "Top Women Lawyers," as well as naming the firm to share the 2023 "California Lawyer of the Year" award for our work on the California opioids cases. In 2021, The American Lawyer named Lieff Cabraser its "Boutique/Specialty Litigation Firm of the Year."

23

If appointed Interim Class Counsel, Lieff Cabraser (including Mr. Stellings, Mr. Budner, and Ms. McBride) would wield the firm's considerable experience to zealously represent the proposed class while seeking to obtain a fair resolution as swiftly and efficiently as possible.

**B.     Proposed Interim Class Counsel Have the Capacity and Resources to Prosecute the Case Efficiently.**

In addition to their wealth of knowledge and experience prosecuting similar actions, Proposed Interim Class Counsel have the practical capacity to prosecute this case vigorously. Their teams, offices, and firms' resources are up to the task.

***Well-staffed and -resourced.*** It is also important for courts to consider the manpower and resources behind the candidates seeking appointment. *Buonasera v. Honest Company, Inc.*, 318 F.R.D. 17 (S.D.N.Y. 2016) (appointing slate of counsel from four firms with substantial resources, including 88 attorneys in three states, who were willing to expend substantial resources on the representation); *In re Geisinger Health Data Sec. Incident Litig.*, 2025 WL 345976, at *6 (M.D. Pa. Jan. 30, 2025) (considering the "financial means and staffs" of the competing slates); *LeBeau v. United States*, 222 F.R.D. 613, 619 (D.S.D. 2004) ("In considering the resources that counsel will commit to representing the class, the Court may consider the staff, supplies and professional commitments of that attorney.").

Proposed Interim Class Counsel's firms are well-resourced. As a slate, their firms comprise over 300 attorneys. (DiCello Levitt (93); Hagens Berman (87); Lieff

Cabraser (136); Miller Law (35).) If appointed, they will dedicate experienced attorney teams to this action. Proposed Interim Class Counsel maintain in-house ESI practice groups, in-house document review platforms, and dedicated timekeeping and auditing groups which will ensure the efficient, focused prosecution of the class's claims. Moreover, the classes would benefit from DiCello Levitt's Trial Center, a science-based focus-grouping program designed to help litigators test and refine their jury trial strategy.

Finally, all four firms are willing to devote substantial resources to the prosecution of this action, as demonstrated by the time and expenses they have already committed.

## C.   Proposed Interim Class Counsel Represent the Majority of Plaintiffs and Have Performed Substantial Work.

Interim Class Counsel should be appointed because they represent the most named plaintiffs across the pending actions, bringing the majority of the state law claims asserted across the pending actions—and they have expended substantial time and resources to investigate and prosecute those plaintiffs' claims.

***Majority of named plaintiffs.*** When selecting interim class counsel from qualified candidates, "one important consideration might be the applicant's existing attorney-client relationship with the proposed class representative." Fed. R. Civ. P. 23 advisory committee's note (2003). The large majority share of named plaintiffs represented by the proposed leadership team here is an additional reason to support

the proposal. *See, e.g.*, *Geisinger Health*, 2025 WL 345976, at *6 (representing the greater share of named plaintiffs is an advantage for counsel seeking leadership appointment); *Vanguard*, 625 F. Supp. 3d at 367 ("whether a plaintiff has support of other plaintiffs" is a pertinent consideration for appointment of interim class counsel); *Napoleon v. Amazon.com, Inc.*, 2024 WL 3652873, at *3 (W.D. Wash. Aug. 5, 2024) ("While appointment of interim class counsel is 'not a popularity contest,' courts have recognized that support garnered from multiple plaintiffs can demonstrate a proposed team's ability to work cooperatively with a large group of plaintiffs and attorneys, and to do so in the best interests of the class.") (quoting *In re Lenovo Adware Litig.*, 2015 WL 10890657, at *2 (N.D. Cal. July 27, 2015)).

There are twelve related class actions currently pending before this Court brought by a total of 68 named plaintiffs. Proposed Interim Class Counsel represent 50—or approximately 75%—of the named plaintiffs. These 50 named plaintiffs provide coverage for claims of more than half (28) of the individual state laws. The overwhelming support and trust from class members that Proposed Interim Class Counsel have garnered demonstrates their ability to communicate effectively with plaintiffs and work cooperatively with other attorneys. And the variety of state law claims their clients bring means Proposed Interim Class Counsel are best positioned to prosecute the state law claims of the collective.

***Substantial Investigation.*** Federal Rule 23(g) requires the Court to consider

"the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). Specifically, the Court may look to whether proposed counsel has "interview[ed] class members, research[ed] the claims, and engag[ed] experts" to determine the depth of their investigation. *Durso v. Samsung Elecs. Am., Inc.*, 2013 WL 4084640, at *3 (D.N.J. Aug. 7, 2013). The Court may also consider counsel's efforts to monitor new and existing actions raising the same or similar claims. *See Troy Stacy Enters.*, 337 F.R.D. at 409 (candidate firm that investigated claims, analyzed policy language, "and monitored other putative class actions raising the same or similar claims against Cincinnati Insurance" had done "extensive work.")

Here, Proposed Interim Class Counsel have spent significant time and resources investigating the potential claims in this action over the course of many months running.

Beginning in February 2025, Proposed Co-Leads and their experts began to investigate the nature and consequences of the engine defect on the heels of its public revelation in the National Highway Traffic Safety Administration (NHTSA's) opening of a preliminary evaluation (PE 25-001). Among other sources, the teams critically assessed NHTSA's investigation order, the resulting recall notice, and service bulletins related to the defect. This included researching GM's representations made in the recall notice, such as the impacted model years.

27

Proposed Interim Class Counsel combed through hundreds of consumer reports publicly available on the NHTSA's website as well as open consumer forums like CarComplaints.com, Reddit.com, and SilveradoSierra.com.

Proposed Interim Class Counsel further investigated the potential claims by interviewing scores of class members who are concerned about the engine defect and its consequences. Moreover, Proposed Interim Class Counsel spent time explaining the responsibilities of lead plaintiffs in class action litigation, verifying information provided by class members, and keeping their clients appraised of the status of the litigation as the various cases have been transferred, reassigned, and stayed. Since filing their first complaint, Proposed Interim Class Counsel have also spent significant time monitoring parallel actions—including individual actions—against GM concerning the L87 engine defect.

Finally, Proposed Interim Class Counsel investigated—and invested in—the potential claims in this action by identifying and retaining independent automotive engineering and other industry experts to support their analysis and strategy. *See, e.g.*, *In re Flagstar Dec. 2021 Data Sec. Incident Litig.*, 2023 WL 3632709, at \*2 (E.D. Mich. May 24, 2023) (appointing slate that had "undertaken an exhaustive investigation of the [data breach at issue], utilizing the services of former FBI agents and a cyber consultant."); *Good v. Am. Water Works Co.*, 2014 WL 2481821, at \*6 (S.D.W. Va. June 3, 2014) (appointing slate that had "spent significant monies on

28

expert assistance and sampling efforts relating to the incident."); *Geisinger Health*, 2025 WL 345976, at *2 (court may properly consider whether counsel has retained expert witnesses).

**D.    Proposed Interim Class Counsel Have Demonstrated Their Willingness to Work Together to Resolve This Litigation.**

Proposed Interim Class Counsel have litigated many cases together over the years, including numerous cases in this District. Just in the automotive defect context, Proposed Interim Class Counsel have litigated or are litigating the following cases together:

- *Chapman v. General Motors, LLC*, No. 19-cv-12333 (E.D. Mich.) (Hagens Berman and Miller Law);

- *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 18-md-02818 (E.D. Mich.) (Miller Law and Lieff Cabraser);

- *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-md-02744 (E.D. Mich.) (Miller Law and Hagens Berman);

- *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, No. 22-cv-03040 (E.D. Mich.) (Miller Law and Hagens Berman);

- *Weidman, et al. v. Ford Motor Co.*, No. 18-cv-12719 (E.D. Mich.) (DiCello Levitt, Miller Law, and Lieff Cabraser);

- *Frisch v. FCA US LLC*, No. 2:24-cv-10546, Dkt. 45 (E.D. Mich.) (Lieff Cabraser and Miller Law);

- *Barkus v. Ford Motor Co.*, No. 24-cv-13310 (E.D. Mich.) (DiCello Levitt and Miller Law);

- *Johnson v. Gen. Motors LLC*, No. 22-cv-11548 (E.D. Mich.) (DiCello Levitt and Miller Law);

- *Bledsoe v. FCA US LLC*, No. 16-cv-14024 (E.D. Mich.) (Hagens Berman and Miller Law);

- *Graves v. FCA US LLC*, No. 24-cv-12968 (E.D. Mich.) (Hagens Berman and Miller Law);

- *Droesser v. Ford Motor Co.*, No. 19-cv-12365 (E.D. Mich.) (Hagens Berman and Miller Law);

- *In re Ford Super Duty Roof Crush Litig.*, No. 4:22-cv-12079 (E.D. Mich.) (Hagens Berman and Miller Law);

- *In re MyFord Touch Consumer Litig.*, No.13-cv-03072-EMC (N.D. Cal.) (DiCello Levitt and Hagens Berman);

- *Biederman v. FCA LLC*, No. 3:23-cv-06640-JSC (N.D. Cal) (Lieff Cabraser and Hagens Berman)

- *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litig.*, No. 15-MD-2672-CRB (JSC) (N.D. Cal.) (Lieff Cabraser, Hagens Berman, and DiCello Levitt);

- *In re FCA EcoDiesel*, MDL No. 2777 (N.D. Cal.) (Lieff Cabraser and Hagens Berman);

- *Sowa v. Mercedes-Benz USA, LLC*, No. 23-cv-00636 (N.D. Ga.) (DiCello Levitt and Lieff Cabraser);

- *In Re: Oral Phenylephrine Marketing and Sales Practices Litigation*, 1:23-md-03089-BMC (E.D.N.Y.) (DiCello Levitt and Lieff Cabraser); and

- *In re Navistar MaxxForce Engines Marketing, Sales Practices and Prods. Liab. Litig.*, No. 14-cv-10318 (N.D. Ill.) (DiCello Levitt and Lieff Cabraser).

Given their extensive history of successfully working together, Proposed Interim Class Counsel have developed a working relationship that offers consistency and efficiency to the proposed classes in this action. *See, e.g.*, *Geisinger*

*Health*, 2025 WL 345976, at *6 (proposed counsel's previous experience litigating together weighs in favor of appointment); *Frisch v. FCA US LLC*, No. 2:24-cv-10546, Dkt. 45 (E.D.M.I.) (same). Given the number of named plaintiffs and class vehicles at issue, this is likely to be a time-consuming and resource-intensive litigation, thus weighing in favor of the proposed four-firm leadership structure. *See Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 410 (S.D. Ohio 2021) (A "four-firm leadership structure is not uncommon" and "there is much to be said about four law firms cooperating instead of competing."); *Frisch*, No. 2:24-cv-10546, Dkt. 45 (E.D.M.I.) (appointing four co-leads is "not uncommon" and can be the most efficient and economical approach).

## V.  CONCLUSION

The Court's appointment of leadership at this stage will allow the leadership team to prosecute this important litigation expeditiously and efficiently by jointly sharing responsibility for case management efforts.

For each of the foregoing reasons, Proposed Interim Class Counsel are qualified and will best represent the interests of all class members in a complex case of this magnitude, already comprised of twelve putative class actions against GM pending before this Court. The Majority Plaintiffs respectfully request that the Court appoint The Miller Law Firm, P.C.; DiCello Levitt LLP; Hagens Berman Sobol Shapiro LLP; and Lieff Cabraser Heimann & Bernstein, LLP as Interim Co-

Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

Dated: August 26, 2025                          Respectfully submitted,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)                        Adam J. Levitt
Dennis A. Lienhardt (P81118)                     John E. Tangren
Dana E. Fraser (P83705)                          Daniel R. Ferri
**THE MILLER LAW FIRM PC**                       Madeline E. Hills
950 West University Drive, Suite 300             **DICELLO LEVITT LLP**
Rochester, Michigan 48307                        Ten North Dearborn Street, Sixth Floor
Telephone: 248-841-2200                          Chicago, Illinois 60602
epm@millerlawpc.com                              Telephone: 312-214-7900
dal@millerlawpc.com                              alevitt@dicellolevitt.com
def@millerlawpc.com                              jtangren@dicellolevitt.com
                                                 dferri@dicellolevitt.com
                                                 mhills@dicellolevitt.com

Steve W. Berman                                  David Stellings
Shelby R. Smith                                  Katherine McBride
**HAGENS BERMAN SOBOL**                          Miranda Litwak
  **SHAPIRO LLP**                       **LIEFF CABRASER HEIMANN &**
1301 Second Avenue, Suite 2000                     **BERNSTEIN, LLP**
Seattle, Washington 98101                        250 Hudson Street, 8th Floor
Telephone: 206-623-7292                          New York, New York 10013
steve@hbsslaw.com                                Telephone: 212-335-9500
shelbys@hbsslaw.com                              dstellings@lchb.com
                                                 kmcbride@lchb.com
                                                 mlitwak@lchb.com
Rachel E. Fitzpatrick
**HAGENS BERMAN SOBOL**
  **SHAPIRO LLP**                       Kevin Budner
11 West Jefferson Street, Suite 1000             **LIEFF CABRASER HEIMANN &**
Phoenix, Arizona 85003                             **BERNSTEIN, LLP**
Telephone: 602-840-5900                          275 Battery Street, 29th Floor
rachelf@hbsslaw.com                              San Francisco, California 94111
                                                 Telephone: 415-956-1000
                                                 kbudner@lchb.com

*Counsel for the Majority Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

On August 26, 2025, 2025, the Majority Plaintiffs filed the foregoing Motion through the Court's CM/ECF system, which will provide service to all counsel of record.


Dated: August 26, 2025                    */s/ E. Powell Miller*
                                          E. Powell Miller (P39487)