# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JAMES S. POWELL, II, *et al*., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GENERAL MOTORS LLC,<br><br>    Defendant. | Case No. 4:25-cv-10479-SDK-KGA |

**MAJORITY PLAINTIFFS' RESPONSE TO THE *POWELL* PLAINTIFFS' MOTION FOR APPOINTMENT OF MIKE ARIAS AND TIMOTHY G. BLOOD AS CO-INTERIM CLASS COUNSEL, AND APPOINTMENT OF THEIR PROPOSED LIAISON COUNSEL AND <u>LEADERSHIP STRUCTURE</u>**

## <u>INDEX OF MOST CONTROLLING OR APPROPRIATE AUTHORITIES</u>

*In re Delphi Corp. Sec.*,
    248 F.R.D. 483 (E.D. Mich. 2008)

*Nowak v. Ford Motor Co.*,
    240 F.R.D. 355 (E.D. Mich. 2006)

## <u>ISSUE PRESENTED</u>

**Issue**: Whether the Court should only consider the Rule 23(g) factors when considering appointment of interim class counsel.

**Answer:** Yes.

The Majority Plaintiffs file this short response to the *Powell* Plaintiffs' motion to appoint interim class counsel to address certain arguments raised therein.

## A. Rule 23(g) Appointment is Not a Race to the Courthouse

The *Powell* Plaintiffs' main argument in support of their Rule 23(g) motion is that they filed the first complaint. It is undisputed that the *Powell* case was the first filed, but filing order is not a factor for appointment under Rule 23(g). To the contrary, courts recognize that a first to file framework for appointing class counsel would improperly encourage a race to the courthouse. *See, e.g.*, *In re Delphi Corp. Sec.*, 248 F.R.D. 483, 506 (E.D. Mich. 2008) (rejecting the "first to file argument" in the context of lead counsel appointment and holding that "merely having initiated an action . . . entitles [the filer] to nothing"); *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 364 (E.D. Mich. 2006) ("Whether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case, and does not satisfy the requirements of Rule 23(g). To hold otherwise would further encourage a 'rush to the courthouse'…"). Rather, courts appropriately look to the work undertaken by counsel in working up the case to date, as well as counsel's experience, knowledge of the applicable law, and the resources they will commit to representing the class. *See* Rule 23(g)(1).

The "first to file" is especially irrelevant in this case where the initial *Powell* complaint is otherwise slim on the applicable Rule 23(g) factors in demonstrating a

thorough and strategic workup. The complaint included only a single plaintiff, three causes of action, and no exhibits.[1] In comparison, three of the complaints filed by Majority Plaintiffs' counsel shortly thereafter were far more fulsome and contained extensive allegations not included in the *Powell* complaint, including those concerning the ineffective recall issued by GM. The *Houchin* complaint includes ten plaintiffs, claims under eight state laws, and twenty-five exhibits. The amended *Rittereiser* complaint included twenty-seven plaintiffs, claims under twenty-three state laws, and forty-five exhibits. The *McNamara* complaint includes seven plaintiffs and twenty-seven causes of action. Certainly, Majority Plaintiffs' counsel could have filed sooner if they filed solely for the first Plaintiff to contact them. Instead, Majority Plaintiffs dedicated significant resources to investigating the underlying facts of this case, including retaining consulting experts and speaking with dozens of affected Plaintiffs and Class Members, including many of them in their complaint to ensure as much representation of U.S. consumers as possible. *See* ECF No. 26, PageID.385-89.

Additionally, after filing, counsel made no further progress in advancing the *Powell* case by the time Majority Plaintiffs filed their complaints. Put another way,

---

[1] The *Powell* Plaintiffs also tout that they filed before GM issued its recall, but the defect was already publicly known before that when NHTSA opened its investigation on January 16, 2025. The *Hernandez* case was also filed prior to the recall.

this is not a case where the first-filer or a specific set of plaintiffs and counsel have made meaningful litigation progress, such as defeating a motion to dismiss or conducting discovery.

In fact, the *Powell* Plaintiffs amended their complaint on May 27, 2025 (ECF No. 15), only after the *Hernandez*, *McNamara*, *Houchin*, and *Rittereiser* complaints were filed by Majority Plaintiffs' counsel. It was only then that the *Powell* case added additional plaintiffs, state law claims, and allegations regarding GM's inadequate recall. And it appears large sections of the *Powell* amended complaint are lifted, with only minor modifications, directly from the complaints filed by Majority Plaintiffs' counsel. *Compare*, *e.g.*, *Powell* Am. Compl. ¶¶ 173-78 (ECF No. 15) with *McNamara*, Case No. 25-cv-02410, Compl. ¶¶ 12-17 (ECF No. 1).

The fact that the *Powell* Plaintiffs filed before the Majority Plaintiffs is not relevant to the Court's Rule 23(g) analysis.[2]

## B. The *Powell* Plaintiffs' Proposed Leadership Structure is No More Efficient than the Majority Plaintiffs' Proposed Leadership Structure

The *Powell* Plaintiffs also argue that their proposed leadership structure is more efficient than the Majority Plaintiffs' proposal because it involves fewer firms. ECF No. 28, PageID.679-80. But a smaller number of co-lead firms does not mean

---

[2] It should also be noted that the *Powell* Plaintiffs' Proposed Co-Lead Counsel, Timothy G. Blood, was not counsel in the *Powell* case. In fact, he was not counsel of record until the filing of the *Houchin* complaint, along with DiCello Levitt and Miller Law.

that the case will be litigated more efficiently or that duplication of work will be avoided. Moreover, the two proposed slates are of similar size. The *Powell* Plaintiffs ask the Court to appoint three firms (two co-lead and one liaison[3]), with potential additional firms to assist in the future. *Id.* at PageID.679, 94-95. In fact, there are five firms on the signature block for the *Powell* Plaintiffs. Majority Plaintiffs propose a structure of four co-lead firms with the potential to form a steering committee if it becomes necessary.[4] Neither of these structures is inherently more efficient than the other.

What *does* ensure efficiency is the coordination and cooperation of counsel, as well as counsel's experience. The Majority Plaintiffs' group have all detailed their significant success in automotive class actions generally and against GM specifically, including a multi-week class trial victory and more than $400 million in class action settlements in the past five years alone, as well as their history of working together to achieve these results. *See* ECF No. 26, PageID.366-67, 371, 375, 382, 389-90. While counsel for the *Powell* Plaintiffs undoubtedly have achieved success in prior cases (for which they should be commended), they do not

---

[3] Appointment of a separate liaison counsel is not necessary nor proposed by the Majority Plaintiffs because Miller Law, the most experienced class action firm in Michigan, would serve as one of the interim co-lead counsel under that proposed structure.

[4] Appointment of four co-lead firms is extremely common, especially in cases against multi-billion-dollar companies which may require millions of dollars in out-of-pocket costs and attorney time. ECF No. 26, PageID.363, 390-91.

cite a single case involving GM as a defendant or any automotive class action experience in this District.

Prior litigation experience (and success) against GM provides Majority Plaintiffs' counsel with invaluable knowledge, including as to the organizational structure of GM, GM's internal processes, structures, and communication styles and platforms, anticipating (and addressing) the legal arguments GM will likely make throughout the litigation, and relationships with some of the leading automotive testifying experts with experience in cases against GM.

## C. Majority Plaintiffs' Counsel Have Made Significant Efforts to Build Consensus

After the Court consolidated the twelve underlying cases, counsel for Majority Plaintiffs reached out to counsel for the *Powell* Plaintiffs to explore ways to work together and avoid burdening the Court with these competing motions for appointment. Counsel for the *Powell* Plaintiffs stated they would discuss but never responded.[5] And, as of the date of this filing, two other firms that retained clients and filed suit, FeganScott and Barrack, Rodos & Bacine, have filed briefs supporting Majority Plaintiffs' proposed interim leadership structure, citing

---

[5] If appointed as Interim Class Counsel, Majority Plaintiffs' counsel are committed to finding opportunities for *Powell* Plaintiffs' counsel to assist with the litigation as long as it does not create duplication of work.

counsels' experience, history of successes, and tradition of working cooperatively and inclusively with other firms. ECF Nos. 27 & 28.

Additionally, Majority Plaintiffs' Counsel supported consolidation in this District and spearheaded and revised the draft consolidation stipulation drafted by GM.

### D. Conclusion

The Majority Plaintiffs' proposal satisfies the applicable factors for appointment under Rule 23(g), given the demonstrated and detailed work underlying their Complaints, their deep bench of experience in cases and claims just like this one, and the substantial resources they can and will dedicate to this litigation. The *Powell* Plaintiffs' competing proposal does not focus on the relevant criteria under Rule 23(g)—filing first is not a relevant consideration.

Dated: August 29, 2025

Respectfully submitted,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P83705)
**THE MILLER LAW FIRM PC**
950 West University Drive, Suite 300
Rochester, Michigan 48307
Telephone: 248-841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

Adam J. Levitt
John E. Tangren
Daniel R. Ferri
Madeline E. Hills
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com
mhills@dicellolevitt.com

Steve W. Berman
Shelby R. Smith
**HAGENS BERMAN SOBOL
  SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: 206-623-7292
steve@hbsslaw.com
shelbys@hbsslaw.com

David Stellings
Katherine McBride
Miranda Litwak
**LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: 212-335-9500
dstellings@lchb.com
kmcbride@lchb.com
mlitwak@lchb.com

Rachel E. Fitzpatrick
**HAGENS BERMAN SOBOL
  SHAPIRO LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602-840-5900
rachelf@hbsslaw.com

Kevin Budner
**LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: 415-956-1000
kbudner@lchb.com

*Counsel for the Majority Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

On August 29, 2025, the Majority Plaintiffs filed the foregoing Response through the Court's CM/ECF system, which will provide service to all counsel of record.

Dated: August 29, 2025                    */s/ E. Powell Miller*
                                          E. Powell Miller (P39487)