UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JAMES S. POWELL, II, et al., individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>  Defendant. | Case No.: 4:25-cv-10479-SDK-KGA |

**REPLY TO MOTION TO APPOINT MIKE ARIAS AND TIMOTHY G. BLOOD AS CO-INTERIM CLASS COUNSEL**

*Introduction*

The *Houchin* Group's[1] response to the *Powell* Plaintiffs' leadership motion mischaracterizes the *Powell* Plaintiffs' motion as addressing only one of the 23(g) factors (the work counsel has done). In truth, the *Powell* Plaintiffs address each factor, and both moving parties agree that most of them do not counsel strongly in favor of either set of applicants. Those factors that remain in dispute plainly favor adopting the *Powell* Plaintiffs' proposal.

The *Houchin* Group effectively concedes that the first Rule 23(g) factor supports the *Powell* Plaintiffs. This case exists because of the work the *Powell* Plaintiffs have done, long before other cases were filed. Although the *Houchin* Group tries to downplay the importance of the *Powell* Plaintiffs' effort in developing this case and getting it on file several weeks before anyone else (and GM's recall), it is the most important Rule 23(g) factor.

---

[1] The plaintiffs opposing this motion style themselves as the "Majority Plaintiffs" because their coalition filed a number of separate complaints (e.g., Houchin, Rittereiser, McNamara). That designation is rhetorical, not legal. Rule 23(g) does not turn on headcounts of plaintiffs or firms; it directs courts to consider the Rule 23(g) factors. A more accurate description is the "Houchin Group."

For the second factor, both moving parties agree that each of the lawyers applying for leadership are experienced in and qualified to prosecute this type of case. The *Houchin* Plaintiffs seek to create an edge here through a hyperfocus on granular details of certain of their counsel's prior work that are immaterial to the Rule 23(g) analysis.

The parties also agree on the third factor - that all applicants have sufficient knowledge of the applicable law.

The parties also agree that each leadership team has and is willing to commit the resources necessary to represent the proposed class.

Rule 23(g)(1)(B)'s catch-all factor also favors the *Powell* Plaintiffs' proposal. Their proposed leadership team is smaller, nimbler, and better suited to efficiently litigate this case. While GM is a formidable opponent and this case will require skill and dedication, there is nothing particularly unique about this automobile class action compared to other similar cases that would justify the many lawyers behind the *Houchin* Group. Especially in class actions, the well-reasoned trend is for the appointment of smaller leadership groups, not larger ones.

Finally, the *Houchin* Group makes factually inaccurate statements about the efforts the *Powell* Group made to reach agreement with the *Houchin* Group to avoid leadership motions. The parties have had numerous

conversations about working together. They even had an in-person meeting. But it was the *Houchin* Group that refused any proposal to work together, as detailed in the concurrently submitted declarations.

The interim leadership structure proposed by the *Powell* Plaintiffs is supported by David S. Almeida, the Managing Partner of the Almeida Law Group LLC law firm, one of the law firms in these consolidated cases, as detailed in his concurrently filed declaration.

Weighing the contested Rule 23(g) factors, it becomes clear that the *Powell* Plaintiffs' leadership plan should be adopted.

The record here shows that the *Powell* Plaintiffs' counsel not only developed and commenced the litigation but also did the investigative work that Rule 23(g)(1)(A)(i) places first among its factors. With the benefit of, *inter alia,* the recall GM announced after *Powell* was filed, later complaints added plaintiffs and additional allegations. But they did so in large part based on the work *Powell* Counsel had long since undertaken. Rule 23(g) favors the counsel who actually identified, developed, and advanced the case.

3

1. **The *Powell* Team Did the Investigative Work Before Anyone Else**

The *Powell* Plaintiffs' motion demonstrates, and the *Houchin* Group's response does not seriously contest, that the *Powell* team did far more work far earlier to identify and investigate the claims in this action.

While filing first alone is not dispositive, it is a factor that should be considered under Rule 23(g) because it evidences the work performed in catalyzing the litigation. Courts routinely give deference to the first-filed case when counsel is otherwise qualified. *See, e.g., Easton v. Bailey*, 2013 WL 12323847, at *11 (C.D. Cal. Jan. 4, 2013); *Moradi v. Adelson*, 2011 WL 5025155, at *3 (D. Nev. Oct. 20, 2011).

Here, the *Powell* Plaintiffs filed long before anyone else and have done far more work developing and originating this matter. It is these facts that set the *Powell* Plaintiffs apart. Mostly, the other cases were filed after a recall was announced, generating media attention and readily available information. Rule 23(g)(1)(A)(i) squarely favors the *Powell* Plaintiffs.

2. **Later Complaints Added Plaintiffs but Not Independent Investigative Work**

The *Houchin* Group emphasizes the length of their complaints and the number of plaintiffs and exhibits they added. But adding plaintiffs and exhibits after the fact is not the same as uncovering the claims in the first

4

place. They also fail to note that many of the exhibits they included either were copies of the documents cited in Powell's complaint or post-dated Powell's filing—largely because they related to the recall which had not yet occurred when Powell filed. Later pleadings were built on the investigative foundation already laid in *Powell* and the recall that followed. Courts do not reward quantity of plaintiffs over investigative work performed under Rule 23(g).

### 3. Cooperation Has Been a Hallmark of the *Powell* Team

Regretfully, the *Houchin* Group suggests the *Powell* Plaintiffs' counsel has not attempted to work with others to reach agreement without the need for leadership motions. In their response brief they write: "counsel for Majority Plaintiffs reached out to counsel for the Powell Plaintiffs to explore ways to work together and avoid burdening the Court with these competing motions for appointment. Counsel for the Powell Plaintiffs stated they would discuss but never responded." *See* Response at ECF No. 30, Page ID 754, p. 8 of 11.

This is factually incorrect. From the outset, Powell's counsel worked to avoid inefficiency and unnecessary MDL proceedings (which can delay prosecution to the detriment of the class), and they have consistently sought

5

to build consensus. *See* Declaration of Mike Arias ("Arias Decl.") ¶¶ 3-6; Declaration of Timothy G. Blood ("Blood Decl.") ¶¶ 5-9.

As detailed in the declarations filed by Mr. Arias and Mr. Blood, they had numerous conversations with members of the *Houchin* Group, including an in-person meeting that they arranged. They made various proposals to work together. All of them were rejected by the *Houchin* Group. The *Houchin* Group made no meaningful proposal in return. *See* Blood Decl. at ¶¶ 6-9; Arias Decl. at ¶¶ 3-6.

The *Powell* Plaintiffs' proposed interim leadership structure is supported by David Almeida, counsel of record for Plaintiff Keefe John. Based on his knowledge of the case and his familiarity with the backgrounds and experience of Mr. Arias and Mr. Blood, Mr. Almeida attests that they are well positioned to provide excellent representation for Plaintiffs and the proposed Class, and to do so efficiently and effectively. *See* Declaration of David S. Almeida ¶¶ 2–12.

**4. A Smaller, Leaner Leadership Team Promotes Efficiency**

The *Houchin* Group proposes four co-leads and potentially a steering committee. Other firms have stated their support for the *Houchin* Group, presumably in anticipation of being assigned work in the case. Experience shows that larger groups with more lawyers expecting to work on a matter

6

creates inefficiencies, increases costs, drives up lodestar, and can lead to political compromises. By contrast, the *Powell* Plaintiffs' proposal—two experienced Co-Leads with a Liaison Counsel—is streamlined, accountable, and efficient.

A leadership structure should be no larger than necessary to effectively prosecute the case. *See In re Parking Heaters Antitrust Litig.,* 310 F.R.D. 54, 58 (E.D.N.Y. 2015) ("there seems no need for the inevitable redundancies and inefficiencies attendant to a four firm leadership structure. While I am confident that [the two co-leads] will welcome the input and participation of all of the plaintiffs' attorneys in deciding how best to advance the interests of the putative class, I conclude there is no need for all of them to be included in the putative class's interim leadership"); *In re Interest Rate Swaps Antitrust Litig.*, No. 16-MD-2704 (PAE), 2016 WL 4131846, at *4 (S.D.N.Y. Aug. 3, 2016) ("The Court further finds that appointing two interim co-lead counsel is most likely to produce efficient and effective representation … At the same time, in the Court's view, for the reasons expressed by various counsel during the initial pretrial conference, having more than two interim co-lead counsel will likely yield needless duplication of effort and inefficient decision making."). The *Powell*

7

Plaintiffs alone offer the structure necessary to ensure the efficient prosecution of this litigation.

## *Conclusion*

Rule 23(g) directs courts to appoint the counsel "best able to represent the interests of the class." Here, that is the *Powell* Plaintiffs' proposed team. They investigated the defect long before anyone else, filed the first complaint, and developed the factual and legal framework that underlies this litigation. They offer a lean, efficient leadership structure led by trial-tested counsel with deep experience in consumer and automotive defect class actions. For these reasons, the Court should grant the *Powell* Plaintiffs' motion for appointment of Mike Arias and Timothy G. Blood as Co-Interim Class Counsel, and Nicholas A. Coulson as Liaison Counsel.

Dated: September 5, 2025               Respectfully submitted,

By: /s/ Mike Arias
Mike Arias
M. Anthony Jenkins
**ARIAS SANGUINETTI WANG & TEAM LLP**
6701 Center Drive West, 14th Floor
Los Angeles, CA
T: (310) 844-9696
F: (310) 861-0168
mike@aswtlawyers.com
anthony@aswtlawyers.com

Timothy G. Blood
Thomas J. O'Reardon II

8

Paula R. Brown
Adam M. Bucci
**BLOOD HURST & O'REARDON, LLP**
501 West Broadway, Suite 1490
San Diego, California 92101
Telephone: 619-338-1100
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com
abucci@bholaw.com

Kevin P. Green
Daniel S. Levy
**GOLDENBERG HELLER & ANTOGNOLI, P.C.**
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150
kevin@ghalaw.com
daniel@ghalaw.com

Christopher J. Petri
**BYRON CARLSON PETRI & KALB, LLC**
411 Saint Louis Street
Edwardsville, Illinois 62025
Telephone: (618) 655-0600
Facsimile: (618) 655-4004
cjp@bcpklaw.com

Nicholas A. Coulson (P78001)
Julia G. Prescott
**COULSON P.C.**
300 River Place Drive, Suite 1700
Detroit, Michigan 48207
T: (313) 645-0045
E: nick@coulsonpc.com
E: jprescott@coulsonpc.com

9

*Attorneys for Plaintiffs James S. Powell, II, Craig Perry, Tiffany Ruszenas, Evonne Henderson, Kevin Wright, Eric Krush, Troy Popielarz, Jonathan Bennett, Larry Bensel, and Kevin Fenstermaker*