UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES S. POWELL, II, et al.,<br>                             Plaintiffs,<br>v.<br>GENERAL MOTORS, LLC,<br>                             Defendant. | Case No. 25-10479<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER GRANTING MAJORITY PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL (ECF NO. 26) AND DENYING COMPETING MOTION TO APPOINT INTERIM LEAD COUNSEL (ECF NO. 28)**

This putative class action, the consolidation of some 12 separate actions involving allegations concerning an alleged defect in certain GM vehicles equipped with the 6.2L "L87" V8 engine, is now before the Court on competing motions to appoint interim lead counsel. ECF Nos. 26, 28. Counsel for plaintiffs Jose Ignacio Ramirez-Hernandez, Thomas McNamara, Robert Houchin, Jason Rittereiser, Brian Markus, and Better Sherman, the Miller Law Firm, P.C., DiCello Levitt LLP, Hagens Berman Sobol Shapiro LLP, and Lieff Cabraser Heimann & Bernstein LLP, move to serve as interim class counsel for the putative class (the "Miller Slate").

ECF No. 26. Arias Sanguinetti Wang & Team LLP and Blood Hurst & O'Reardon LLP, counsel for plaintiffs James S. Powell, II and Thomas Houchin, respectively, move to serve as interim co-lead class counsel with Coulson P.C. serving as Liaison counsel (the "Arias Slate"). ECF No. 28. Plaintiffs Brian Markus, Betty Sherman, and Anthony Lofton filed submissions in support of the appointment of the Miller Slate as interim class counsel. ECF Nos. 27, 29. The Court has reviewed the parties' filings and is satisfied that the issues have been adequately briefed thereby making a hearing unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2).

Federal Rule of Civil Procedure 23 authorizes the court to "designate interim counsel to act on behalf of a putative class before determining whether to certify that action as a class action." Fed. R. Civ. P. 23(g)(3). Although appointment of interim counsel in not required, doing so may be helpful in clarifying responsibility for protecting the interests of the class during precertification proceedings such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. Federal Judicial Center, *Manual for Complex Litigation* § 21.11 (4th ed. 2004); *see also*, Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (in many cases, "progress

toward certification may require designation of interim counsel"). Accordingly, courts often appoint interim lead counsel "when a large number of putative class actions have been consolidated or are pending before a single court." *David v. GEICO Casualty Co.*, 2021 WL 4876213, at *2 (S.D. Ohio May 20, 2021) (internal quotation omitted).

If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class. Fed. R. Civ. P. 23(g)(2). To assess an applicant's adequacy to serve as class counsel, courts must consider: the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Notably, whether the applicant was the first to file is not a factor for appointment under Rule 23. *See, e.g., In re Delphi Corp.* 248 F.R.D. 483, 506 (E.D.Mich. 2008); *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 364 (E.D. Mich. 2006) (first to file immaterial to who is best qualified to lead the case, does not satisfy Rule 23 requirements, and would only encourage a race to the courthouse).

Having considered the competing motions to appoint interim lead counsel, the Court is persuaded that the Miller Slate is best able to represent the interests of the putative class. The Miller Slate has undertaken a substantial investigation of the alleged claims and has identified and retained experts to support their case. ECF No. 26, PageID.386-389. In addition, the Miller Slate served as lead, co-lead, or committee member counsel in at least 11 automotive defect cases over the last five years. *See id.,* at PageID.389-390. The Court acknowledges that the Arias Slate also undertook substantial investigation before it filed the first of the consolidated actions before the Court, and that it also has a significant track record of success in high-stakes class action litigations. *See* ECF Nos. 28-3, 28-4, 28-5. But the Miller Slate's extensive experience with this type of class action makes it the most capable and efficient choice for interim counsel. Because it also has and can commit considerable resources to representing the putative class, the Court finds that the Miller Slate is best able to represent the interests of the putative class.

Accordingly, the Miller Slate's motion to appoint interim class counsel (ECF No. 26) is **GRANTED**, and the Arias Slate's motion (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 13, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge